UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

C.W. POOLE,

                          Petitioner,

      -vs-

M. SHEAHAN,

                         Respondent.

**No. 1:13-CV-00095 (MAT)**
**DECISION AND ORDER**

---

## I.   Introduction

C.W. Poole ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered August 14, 2007, in New York State Supreme Court, Monroe County, following a jury verdict convicting him of criminal possession of a weapon ("CPW") in the second degree (N.Y. Penal Law § 265.03(3)), CPW in the third degree (N.Y. Penal Law § 265.02(1)), and four counts of assault in the second degree (N.Y. Penal Law § 120.05(2), (3)).

## II.  Factual Background and Procedural History

Petitioner was tried at a jury trial from July 9 through 12, 2007. Evidence at trial established that in the afternoon of December 4, 2006, uniformed Rochester Police Officers Michael Semaru and Danwattie Sanasie responded separately to a radio call reporting a man menacing another person with a shotgun on Weeger Street in the City of Rochester. Upon arriving at the scene, both officers recognized petitioner as matching the description of the

suspect described in the radio call. Noticing that petitioner's clothing was bulky and "[d]ue to the nature of the call with the potential of a shotgun involved," Semaru drew his service pistol and ordered petitioner, along with a man accompanying him, to the ground. Doc. 13-3 at 271. The other man complied, but petitioner did not. Senasie, also at the scene, had drawn her service pistol and, along with Semaru, triangulated petitioner.

Petitioner refused to submit, and Semaru, after securing his service pistol back in its holster, attempted to take petitioner down by force while Senasie continued to point her gun at petitioner. Petitioner resisted, punched Semaru in the face, and a fight ensued between the two in which further blows were exchanged. Eventually, petitioner dove for Semaru's service pistol, and Semaru (who had been inadvertently sprayed with pepper spray by Senasie) yelled, "[h]e's got a gun." Doc. 13-3 at 290. Semaru and petitioner fought over the gun, with petitioner pointing the gun at Semaru's head and firing a shot after Semaru had pushed the gun toward open air. The conflict continued, and ultimately petitioner hit both Semaru and Senasie over the face and head with the gun. As petitioner continued to struggle with Semaru, Senasie fired one shot, from her own service weapon, at petitioner's abdomen. Eventually, Senasie was able to gain control of the gun by sitting on petitioner's arm and kicking the gun away.

Semaru and Senasie both suffered injuries as a result of the incident. Semaru sustained a severe concussion, lacerations, swelling, and bruising to the face, and continued to experience painful headaches and blurred vision for almost a month following the incident. Senasie suffered a swollen face and mouth, and she was unable to chew on the right side of her mouth for a month. As of the trial date, she had not returned to work due to trauma resulting from the incident.

A jury convicted petitioner as outlined above. The trial court sentenced petitioner, as a second felony offender, to an aggregate prison term of 29 years, with five years post-release supervision ("PSR"), and fines totaling $2,000.00.

Petitioner filed a counseled direct appeal to the New York Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) the trial court erred in denying petitioner's request to charge justification; (2) the trial court erred in sentencing petitioner to consecutive terms for offenses committed through a single act; and (3) the sentence imposed was unduly harsh and severe. On February 10, 2011, the Fourth Department modified the judgment, holding that the sentence imposed for the CPW in the second degree count must run concurrently with the sentences imposed for assault in the second degree, "inasmuch as the possession of the weapon by [petitioner] and his use of the weapon as a dangerous instrument against each officer arose out of the

same criminal act." <u>People v. Poole</u>, 81 A.D.3d 1314, 1315 (4th Dep't

2011). The sentence was thus reduced to an aggregate 15-year term.

As modified, the Fourth Department held that the sentence was not

unduly harsh nor severe and affirmed the judgment. <u>Id.</u> The Court of

Appeals denied leave to appeal. See <u>People v. Poole</u>, 16 N.Y.3d 898

(2011).

On February 29, 2012, petitioner filed a motion to vacate the

judgment, pursuant to New York Criminal Procedure Law § 440.10.

Petitioner argued that (1) he was deprived of his right to be

present at trial on July 12, 2007; (2) the trial court erred by

(a) denigrating the defense and referring to the prosecutor as "my

district attorney," Doc. 13-1 at 118; (b) not asking prospective

jurors whether they were personally acquainted with petitioner or

any of the attorneys; and (c) neglecting to "admonish" the jury

before recesses, <u>id.</u> at 119; (3) the prosecutor committed

misconduct during questioning of witnesses and summation; (4) trial

counsel was ineffective for (a) failing to object to petitioner's

absence from trial on July 12, 2007; (b) failing to object to a

police officer's testimony that he knew petitioner; (c) failing to

object to  the reading of the first-degree murder charge;

(d) failing to object to an allegedly prejudicial comment made by

the prosecutor at sentencing; and (e) referring to prospective

jurors as "slugs" and failing to request a "voluntariness charge,"

<u>id.</u> at 126-27; and (5) the sentence, including fines, was harsh and

excessive. The trial court denied petitioner's motion on May 10, 2012, finding that his claims were record-based and therefore should have been brought on direct appeal, and otherwise finding the claims meritless. See doc. 13-1 at 167-70 (citing CPL §§ 440.10(2)(b) and (2)(c)). The Fourth Department denied leave to appeal and denied reconsideration, and the Court of Appeals denied leave to appeal.

## III. **The Federal Habeas Proceeding**

This timely habeas petition followed, in which petitioner contends that (1) he was deprived of his right to be present in court on July 12, 2007; (2) the trial court erred in omitting a justification instruction from its jury charge; (3) petitioner's trial counsel was ineffective for failure to object to (a) the alleged violation of petitioner's right to be present; (b) prosecutorial misconduct; (c) judicial misconduct; and (d) excessive fines and bail; (4) the prosecutor committed misconduct on summation and in examining witnesses; (5) the trial court committed misconduct by (a) denigrating the defense; omitting questions from voir dire; and (c) failing to admonish the jury during recesses; and (6) the trial court imposed excessive bail and fines.

## IV. **Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions

under which federal courts may grant habeas relief to a person in state custody." <u>Kruelski v. Connecticut Superior Court for Judicial Dist. of Danbury</u>, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

## V. Grounds Asserted in the Petition

Each of the grounds raised in the petition, with the exception of ground two which alleges that the trial court erred in omitting a justification instruction from its jury charge, was raised in petitioner's CPL § 440.10 motion discussed above. Those grounds are barred by an adequate and independent state law ground, because the trial court explicitly decided that they were record-based claims which could have been brought on direct appeal. A denial based on CPL § 440.10(2)(c) constitutes a denial on an adequate and independent state ground. See <u>Sweet v. Bennett</u>, 353 F.3d 135, 139-40 (2d Cir. 2003) (holding that CPL § 440.10(2)(c) constitutes adequate and independent state law ground where basis of

ineffective assistance claim is apparent from trial record). Accordingly, these claims are dismissed.

The only remaining ground is petitioner's second ground, which alleges that the trial court erred in not giving a jury instruction on justification. This ground was raised on direct appeal, and the Fourth Department found it to be meritless. See Poole, 81 A.D.3d at 1314 (citing People v Stevenson, 31 N.Y.2d 108, 112 (1972); People v Rison, 130 A.D.2d 596 (1987), lv. denied, 70 N.Y.2d 654 (1987)). As respondent points out, this issue is not cognizable on habeas review. See, e.g., Estelle v. McGuire, 502 U.S. 62, 71-72 (1991) (holding that "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief"); DiGuglielmo v. Smith, 366 F.3d 130, 136-37 (2d Cir. 2004) (noting that federal court is "not empowered to second-guess" Appellate Division's ruling that "as a whole, the [jury instructions] properly set forth the law of New York").

In any event, the claim is meritless. Habeas review is warranted only where a petitioner shows that (1) he was entitled to a justification charge under New York law; (2) the failure to give such charge resulted in a denial of due process; and (3) the relevant reviewing court's contrary conclusion constituted an unreasonable application of clearly established federal law, as determined by the Supreme Court. Jackson v. Edwards, 404 F.3d 612, 621 (2d Cir. 2005). Petitioner has made no such showing, and the

Fourth Department's finding that this issue is meritless was not an unreasonable application of Supreme Court precedent. See, e.g., Blazic v. Henderson, 900 F.2d 534, 541 (2d Cir. 1990) ("[D]ue process does not require the giving of a jury instruction when such charge is not supported by the evidence.") (citing Hooper v. Evans, 456 U.S. 605, 611 (1982)).

## IV. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
     HON. MICHAEL A. TELESCA
     United States District Judge

Dated:     December 8, 2015
           Rochester, New York.